```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION


MATTEO DeGENNARO,

                    Petitioner,

vs.                                    Case No.  2:09-cv-582-FtM-29DNF
                                        Case No. 2:07-cr-71-FTM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.
_____
```

## OPINION AND ORDER

This matter comes before the Court on petitioner Matteo DeGennaro's Motion for Post Conviction Relief Per the Provision of Title 28, United States Code, Section 2255 (Cv. Docs. #1, #10)[1], re-filed on January 21, 2011, to include a signature. The government filed a Response in Opposition (Cv. Doc. #6) and petitioner filed a Reply (Cv. Doc. #7). Petitioner also filed an Affidavit of Luciano DeGennaro (Cv. Doc. #11), and Petitioner's Response to Court Orders of January 18, 2011 (Cv. Doc. #12).

On November 9, 2007, petitioner Matteo DeGennaro (petitioner or DeGennaro) was convicted of possessing materials depicting minors engaged in sexually explicit activity, in violation of Title

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

18, United States Code, Section 2252(a)(4)(B) and (b)(2), and distributing materials depicting minors engaged in sexually explicit activity, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1). On February 11, 2008, DeGennaro was sentenced to 120 months imprisonment, lifetime supervised release, and a fine. On appeal, DeGennaro argued that the district court erred in denying his motion for judgment of acquittal because the government failed to prove that he downloaded and shared child pornography. The Eleventh Circuit Court of Appeals affirmed petitioner's convictions. United States v. DeGennaro, 309 F. App'x 350 (11th Cir. Jan. 30, 2009).

In his Section 2255 motion, petitioner raises two claims of ineffective assistance of trial counsel: (1) Trial counsel provided ineffective assistance by failing to renew his Rule 29 motion for judgment of acquittal at the conclusion of all the evidence; and (2) trial counsel provided ineffective assistance by failing to call defendant's brother, who would have confessed to his own guilt, as a witness at trial. For the reasons set forth below, neither claim has merit.

**I.**

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., fell below an

objective standard of reasonableness under prevailing professional norms; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

**II.**

The facts and relevant procedural history were summarized by the Eleventh Circuit as follows:

> A police officer patrolling a "peer-to-peer file-sharing network" downloaded at least six files containing child pornography from an internet protocol address ("IP address") traced to an account owned by DeGennaro. Officers obtained a search warrant for DeGennaro's house to which the bills for the account were sent. When officers arrived at the house at approximately 7:30 a.m. on March 30, 2007 to execute the warrant, they found DeGennaro, his then-girlfriend Stacey DeGennaro ("Stacey"), and their baby at the home. An officer

overheard DeGennaro say that Stacey was inside sleeping. Stacey later told the officer that DeGennaro lived at the house alone, but that she had spent the previous night, March 29, there. DeGennaro admitted that he had used the file-sharing network to download music and adult pornography, but stated that he always deleted child pornography when he saw it. During the search, officers seized, among other evidence, two computers containing a file-sharing network that had been downloaded onto each computer, with several files of child pornography that had been downloaded and saved. The last of the files selected from the file-sharing network had been downloaded at 2:06 a.m. on March 30 - about five hours before the search warrant was executed.

In his opening statement, DeGennaro had argued that, although he owned the house, he lived with Stacey and their baby at her house. He claimed his brother, Luciano DeGennaro ("Luciano"), occupied the bedroom in the house where the computer was found and was "the one responsible for the child pornography." At the close of the government's case-in-chief, DeGennaro moved for judgment of acquittal, asserting that the government failed to prove he was responsible for downloading the images. The court denied the motion.

Stacey testified that she, DeGennaro, and their baby had spent the night of March 29 at her house and had stopped by DeGennaro's house the morning of March 30 to pick up some materials for a construction project at her house. She asserted that DeGennaro lived with her in her home and Luciano lived at the home police searched. She also denied telling officers that she and DeGennaro had stayed at the house the night of March 29. DeGennaro testified in his own defense. He admitted that he paid all the bills for the home except the electricity bill. He claimed that Luciano lived in the home and often used the computer. DeGennaro presented two other witnesses: a friend who stated she visited DeGennaro and Stacey at Stacey's house on March 29, and another friend who used to visit Luciano at the house and saw Luciano download pornography.

DeGennaro did not renew his motion for judgment of acquittal either at the close of the defense's case or after the government's rebuttal. The jury convicted DeGennaro on both counts, and the court sentenced DeGennaro to 120 months' imprisonment.

DeGennaro, 309 F. App'x at 351. Additional facts will be set forth as needed to address specific issues.

**A. Motion For Judgment of Acquittal**

Petitioner alleges that his trial attorney provided ineffective assistance of counsel by failing to renew his motion for judgment of acquittal under Fed. R. Crim. P. 29 at the conclusion of all the evidence. The effect of this was that the Eleventh Circuit reviewed the sufficiency of the facts under a higher standard than would have been applicable had the Rule 29 motion been renewed. As the Eleventh Circuit stated:

> Pursuant to Fed. R. Crim. P. 29(a), a defendant may move the district court for a judgment of acquittal at the close of the government's evidence or at the close of all of the evidence. If the defendant moves for a judgment of acquittal at the close of the government's case-in-chief, the motion is denied, and the defendant thereafter presents evidence, his presentation of evidence generally "operates as a waiver of his objection to the denial of his motion for acquittal." United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994). In that case, to preserve his objection, the defendant must renew his motion at the close of all of the evidence. See id.
>
> Because DeGennaro presented evidence after the district court denied his motion for acquittal and did not renew the motion at the close of all of the evidence, DeGennaro failed to preserve his motion for judgment of acquittal. Accordingly, we review all of the evidence presented at trial and will affirm absent a manifest miscarriage of justice. Jones, 32 F.3d at 1516. Reversing for manifest injustice requires finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Tapia, 761 F.2d 1488, 1492 (11th Cir. 1985). In our review, we must accept all credibility determinations made by the jury. United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006).

DeGennaro, 309 F. App'x at 352.

By failing to renew the motion for judgment of acquittal after the presentation of all the evidence, petitioner failed to preserve an objection to the district court's Rule 29(a) ruling. United States v. Edwards, 526 F.3d 747, 756 (11th Cir. 2008). If properly preserved, the district court's denial of a motion for judgment of acquittal would have been reviewed *de novo.* United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011); United States v. Lopez, 403 F. App'x 362, 370 (11th Cir. 2010). Even under the *de novo* standard, however, the Eleventh Circuit would have viewed the evidence in the light most favorable to the government, made all inferences and credibility choices in the government's favor, and than determined whether a reasonable jury could have found the defendant's guilt beyond a reasonable doubt. Gamory, 635 F.3d at 497. Furthermore, "[t]he test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." United States v. Mieres-Borges, 919 F.2d 652, 656-57 (11th Cir. 1990) (internal quotations omitted). The failure to renew the motion for judgment of acquittal did not foreclose appellate court review of the evidence supporting the jury's verdicts, although the manifest miscarriage of justice standard was more strenuous. Edwards, 526 F.3d at 756.

Trial counsel's failure to renew the motion for judgment of acquittal at the conclusion of all the evidence did not constitute ineffective assistance. The omission was neither deficient performance nor prejudicial. A Rule 29 motion may only be granted if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>United States v. Alaboud</u>, 347 F.3d 1293, 1296 (11th Cir. 2003). The evidence presented by the government was sufficient to allow a rational jury to convict petitioner, and the posture of the case at the conclusion of all evidence was no different. As the Eleventh Circuit pointed out, <u>DeGennaro</u>, 309 F. App'x at 352-53, the jury was free to disbelieve petitioner's testimony and consider it as substantive evidence of his guilt. <u>United States v. Schmitz</u>, 634 F.3d 1247, 1264-65 (11th Cir. 2011). Accordingly, a renewed motion would have been without merit and would have been denied, and review under a *de novo* standard would not have changed the result on appeal.

**B. Failure to Call Petitioner's Brother as Trial Witness**

The record in this case is clear that petitioner's theory was always that his brother Luciano DeGennaro was the person who downloaded and shared the child pornography on the computer. Trial counsel failed to call Luciano DeGennaro as a witness at trial, a decision petitioner claims to have resulted in ineffective assistance of counsel. Because the record conclusively establishes

the contrary, petitioner is neither entitled to an evidentiary hearing as to this issue, or relief on the merits.

Defense counsel filed a Witness List (Cr. Doc. #49), which included Luciano DeGennaro. In his opening statement to the jury, defense counsel identified Luciano - the "black sheep of the family" who had "issues" and was the person living at the house when the child pornography was downloaded - as "the one that is responsible for the child pornography." (Cr. Doc. #87, p. 32.) Defense counsel elicited from a government agent that he had tried to talk with Luciano regarding "the child porn situation," and Luciano declined to be interviewed. (Cr. Doc. #88, pp. 455-56.) Defense counsel presented witnesses who testified Luciano was living at the residence for a lengthy time period, including at the times the child pornography was downloaded. (Id. at pp. 473-74, 503-06, 598-601.) Defendant testified on his own behalf, telling the jury Luciano lived at the house petitioner owned, had a variety of "issues," and was the one who used the computer in the house. (Id. at pp. 524-50, 592-94.) Petitioner testified that he had nothing to do with the child pornography. (Id. at pp. 549-50.) After petitioner's testimony, defense counsel advised the court at a side-bar conference that he had one more witness, and the Court inquired if it was Luciano. Defense counsel state "No, no, no. I ain't that lucky. . . ." (Doc. #88, p. 594.) Defense counsel also called a witness who testified he saw Luciano downloading

-8-

pornography from the computer at issue. (Doc. #88, pp. 599-602.) In closing argument, counsel argued that Luciano was responsible for the child pornography, and not petitioner. (Cr. Doc. #89, pp. 671-72.)

Petitioner now criticizes defense counsel for not calling Luciano as a witness to admit that the child pornography was his. While such a courtroom confession may occur frequently in television drama, in real life it is far less prevalent or compelling. Nothing in the record suggested that Luciano would have waived his Fifth Amendment privilege and confessed his guilt in order to save his brother, or that defense counsel's approach was deficient. Indeed, although current counsel succeeded in obtaining an affidavit admitting guilt from Luciano after the fact, counsel reports that Luciano is now repudiating the truth of that affidavit, and there is no evidence that he would now waive his Fifth Amendment privilege. (Doc. #12, pp. 3-4.) Such a disavowed affidavit is not sufficient to justify an evidentiary hearing or to call into question the performance of counsel under the facts of this case.

Accordingly, it is now

**ORDERED**:

1. Petitioner Matteo DeGennaro's Motion for Post Conviction Relief Per the Provision of Title 28, United States Code, Section 2255 (Cv. Doc. #10) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner do not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of July, 2011.

JOHN E. STEELE
United States District Judge

Copies: Counsel of Record